[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11947
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00291-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY AUBREY BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 19, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Stanley Baker appeals his 24-month sentence, imposed following revocation of his supervised release.  On appeal, Defendant argues that his sentence is procedurally and substantively unreasonable.  After careful review, we affirm.

## I.    BACKGROUND

In 2016, Defendant pled guilty in the Southern District of Alabama to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced him to 14 months' imprisonment, followed by 3 years of supervised release.

Defendant began serving his term of supervised release in the Southern District of Mississippi on February 3, 2017.  Less than two months later, the probation officer filed a petition with the district court in the Southern District of Alabama, asserting that Defendant had violated the conditions of his supervised release.

According to the petition, Defendant had:  (1) failed to notify the probation officer of his change in residence; (2) left the judicial district without permission; (3) possessed a firearm and ammunition; and (4) committed another felony offense, namely burglary of a home.  In particular, the probation officer alleged that on or about February 14, 2017, Defendant burglarized the home of a woman whom he was dating and stole a Ruger 9mm pistol, two televisions, and other

2

electronic items.  Defendant was apprehended in Houston, Texas on February 18, 2017, and found in possession of a Ruger 9mm pistol.

At the revocation hearing, the Government presented testimony from the United States Marshal who arrested Defendant in Texas, as well as the woman whose home Defendant burglarized.  Based on the evidence presented at the hearing, the district court determined that Defendant had violated the conditions of his supervised release.  The Government recommended that Defendant be sentenced to the statutory maximum, noting the severity of the violations and Defendant's failure to follow court orders.  Defendant countered that he had not been charged with any of the crimes alleged in the petition.

The district court explained that the statutory maximum sentence was appropriate because Defendant had shown that he could not comply with the conditions of supervised release.  Stating further that the Sentencing Guidelines provisions governing supervised release violations were not appropriate in this case, the district court sentenced Defendant to 24 months' imprisonment.[1]  Defendant objected to the sentence as unreasonable.  This appeal followed.

---

[1]  Because Defendant's original conviction for drug distribution was a Class C felony, the statutory maximum sentence that could be imposed upon revocation of supervised release was two years' imprisonment.  *See* 18 U.S.C. § 3583(e)(3).

3

## II.    <u>DISCUSSION</u>

We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006); *see also Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that we apply an abuse of discretion standard when reviewing for reasonableness).

When reviewing the reasonableness of a sentence, we first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  Once we have determined that the sentence is procedurally reasonable, then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

---

[2]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

A district court must revoke a defendant's term of supervised release and impose a prison term if the defendant violated his conditions of supervised release by possessing a firearm. *See* 18 U.S.C. § 3583(g)(2); *United States v. Brown*, 224 F.3d 1237, 1241–42 (11th Cir. 2000), *abrogated in part on other grounds as recognized in United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014). In contrast to 18 U.S.C. § 3583(e), which provides for discretionary revocation, the subsection governing mandatory revocation, § 3583(g), does not require the court to consider the § 3553(a) factors. *Brown*, 224 F.3d at 1240–42 ("[W]hen revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." (emphasis and quotations omitted)). Section 3583(g) requires only that the term of imprisonment not exceed the maximum term of imprisonment permitted under § 3583(e), which in the present case is two years' imprisonment. *See* 18 U.S.C. § 3583(e)(3) (providing that where the offense that led to the initial term of supervised release is a Class C felony, the maximum sentence permitted upon revocation of supervised release is two years' imprisonment); 18 U.S.C. § 3583(g).

## A.    Procedural Reasonableness

Defendant argues that his sentence is procedurally unreasonable because the district court failed to explain its chosen sentence. He also asserts that the district

5

court failed to consider the § 3553(a) factors.[3]

Under 18 U.S.C. § 3553(c)(2), the district court must state in open court the specific reason for imposing a sentence outside of the guideline range.  18 U.S.C. § 3553(c)(2); *United States v. Parks*, 823 F.3d 990, 993 (11th Cir. 2016) (explaining that § 3553(c)(2) applies to sentences imposed upon revocation of supervised release).[4]  When sentencing a defendant, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).  The district court is not required to specifically state that it has considered each of the § 3553(a) factors or discuss each of the § 3553(a) factors, as the district court's consideration of the parties' arguments pertaining to those factors and reference to the § 3553(a) factors is sufficient.  *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account."); *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding that a sentence was

---

[3]  Although Defendant asserts that the district court's failure to consider the § 3553(a) factors renders his sentence substantively unreasonable, a district court's failure to consider the § 3553(a) factors generally raises a procedural reasonableness argument. *See, e.g., United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) ("Procedural unreasonableness includes . . . failing to consider the § 3553(a) factors.").

[4]  We review an argument that the district court failed to adequately explain a sentence under § 3553(c)(2) *de novo*, regardless of whether the defendant objected below. *See Parks*, 823 F.3d at 995–96.

not procedurally unreasonable where the district court failed to explicitly state that it had considered the § 3553(a) factors, but the record made clear that it had considered facts relevant to those factors).

Because it appears that Defendant's revocation was mandatory under § 3583(g)(2) based on his violation of supervised release for possession of a firearm, the district court was not required to consider the § 3553(a) factors. *See Brown*, 224 F.3d at 1240–42; 18 U.S.C. § 3583(g)(2). Even assuming the district court was required to consider these factors, the record indicates that the court considered those factors and adequately explained its reasons for imposing a 24-month sentence.

At the sentencing hearing, the district court listened to the parties' arguments regarding the appropriate sentence to impose, including Defendant's argument that he had not yet been charged with any of the crimes alleged in the revocation petition, as well as the Government's recommendation that Defendant receive a 24-month sentence based on the severity of the violations and Defendant's inability to comply with court orders. When imposing the 24-month sentence, the district court stated that the Sentencing Guidelines provisions governing supervised release (which include the advisory guideline ranges for supervised release violations) were not appropriate and that the statutory maximum sentence was necessary because Defendant had shown that he could not comply with the conditions of

supervised release.  Further, the district court indicated its skepticism that Defendant would be able to complete another term of supervised release, but nevertheless imposed a 12-month term of supervised release to help "ease [Defendant] back into society."

Although the district court did not specifically mention the § 3553(a) factors, the record shows that it listened to the parties' arguments, considered several facts pertaining to the § 3553(a) factors, and had a reasoned basis for imposing a 24-month sentence.  *Rita*, 551 U.S. at 356; *Dorman*, 488 F.3d at 944.  Accordingly, Defendant has not met his burden of showing that the district court committed procedural error.

### B.    Substantive Reasonableness

Defendant also asserts that his sentence is substantively unreasonable.  We disagree.

Defendant's 24-month sentence was supported by several § 3553(a) factors, including the nature and circumstances of the offense, Defendant's history and characteristics, and the need to deter Defendant from committing future crimes.  *See* 18 U.S.C. § 3553(a)(1), (2).  Again, the district court emphasized that Defendant had shown that he was unable to comply with the conditions of supervised release.  Indeed, Defendant committed a burglary, possessed a firearm, and left the judicial district without permission within weeks of being released

8

from custody on his original sentence for drug distribution.  That the district court apparently assigned less weight to Defendant's mitigating circumstances—such as his remorsefulness—than it did to other factors was entirely within its discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factors is a matter committed to the sound discretion of the district court." (quotations omitted)).

Accordingly, Defendant's sentence is **AFFIRMED**.